IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NINA SHAHIN,　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
　　　　Plaintiff,　　　　　　　　　:
　　　　　　　　　　　　　　　　　: **CONSOLIDATED**
　　v.　　　　　　　　　　　　　　: Civ. No. 10-475-LPS
　　　　　　　　　　　　　　　　　:
DELAWARE FEDERAL CREDIT　　　　　:
UNION,　　　　　　　　　　　　　 :
　　　　　　　　　　　　　　　　　:
　　　　Defendant.　　　　　　　　 :

---

Nina Shahin, Dover, Delaware, Pro Se Plaintiff.

Michael W. Arrington, Esquire, Parkowski, Guerke & Swayze, P.A. Counsel for Defendant.

Richard Strosser, Virginia Beach, Virginia, Pro Se Movant.

## MEMORANDUM OPINION

September 4, 2012
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Nina Shahin ("Plaintiff") filed two lawsuits pursuant to the Expedited Funds Availability Act, 12 U.S.C. § 4001 *et seq.*, regarding a $2,500 check deposited into her account on May 10, 2010. *See Shahin v. Delaware Fed. Credit Union*, Civ. No. 10-475-LPS; *Shahin v. Delaware Fed. Credit Union (Del-One)*, Civ. No. 10-597-LPS. The complaints involve similar allegations and were consolidated on September 28, 2010. (*See* D.I. 6) Presently before the Court is Plaintiff's motion to amend (D.I. 19), motion to schedule jury trial (D.I. 38), and motion to hold pro se movant Richard Strosser ("Strosser") in contempt of court (D.I. 39), as well as Strosser's motion to quash (D.I. 36). For the reasons that follow, the Court will deny without prejudice to renew the motion to amend, will grant the motion to quash, will deny as premature the motion to schedule jury trial, and will deny the motion to hold Strosser in contempt.

## II. BACKGROUND

Plaintiff deposited a check into a joint checking account on May 10, 2010 with a hold until May 12, 2010. Plaintiff left the bank. The next day she received notice from Defendant that, because it could not verify the check, it was required to extend the hold for fifteen business days; it placed the funds into Plaintiff's share (savings) account. Plaintiff alleges that the notice did not comply with the requirements of 12 C.F.R. § 229.13. Plaintiff further alleges that she was not provided timely access to the monies she had deposited into her checking account when Defendant, instead, deposited the monies into the share (savings) account without written authorization. Plaintiff was charged a total of $6.00 for check overdraft fees.

1

On August 25, 2011, the Court entered a scheduling order that provided for amendment of pleadings on or before September 26, 2011, completion of discovery on or before February 27, 2012, and filing of summary judgment motions on or before March 27, 2012. Plaintiff has filed a motion for leave to amend, objected to by Defendant. (D.I. 19) She subpoenaed Strosser to appear for a deposition and he, in turn, has filed a motion to quash the subpoena. (D.I. 36) Plaintiff then filed a motion to hold Strosser in contempt for failing to appear at the deposition. (D.I. 39) Finally, Plaintiff moves to schedule a jury trial. (D.I. 38)

## III. MOTION TO AMEND

### A. Legal Standards

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b) motion, whichever is earlier. Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. Rule 15 provides that the Court should freely give leave to amend when justice so requires.

The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the

2

amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000).

B. **Discussion**

The Court entered a scheduling order on August 25, 2011 providing for amendment of pleadings on or before September 26, 2011. (*See* D.I. 18) Plaintiff timely filed a motion for leave to amend. The motion seeks to add counts of constructive fraud relating to breach of fiduciary duties in a principal-agent relationship. In addition, Plaintiff seeks to change the ad damnum clause to one million dollars. Defendant objects on the grounds that Plaintiff failed to abide by the Local Rules of this Court.

Rule 15.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware provides that a party who moves to amend a pleading shall attach to the motion the proposed pleading as amended, complete with a handwritten or electronic signature and a form of the amended pleading which shall indicate in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added. *See* D. Del. LR 15.1. Plaintiff did not attach a copy of the proposed amended complaint as required by Local Rule 15.1.

Plaintiff is a frequent filer in this Court and is no stranger to either the Federal Rules of Civil Procedure or the Local Rules of this Court. Therefore, the Court will deny the motion (D.I. 19) without prejudice to refiling in accordance with the Local Rules of this Court.

## IV. MOTION TO QUASH

### A. Legal Standards

Pursuant to Fed. R. Civ. P. 45, a party may serve a subpoena requiring a witness to appear for his or her deposition. Rule 45 states that a subpoena must provide a specified time and place to attend and testify. *See* Fed. R. Civ. P. 45 (a)(1)(A)(iii). In addition, serving a subpoena requires delivering a copy to the named person. *See id.* at (b)(1). Finally, if the subpoena requires attendance, Rule 45(b)(1) requires that a witness be tendered the fees for one day's attendance and the mileage allowed by law. The statutory witness fee is $40.00, *see* 28 U.S.C. § 1821(b), and the mileage rate in effect on February 10, 2012 was $0.51 per mile, *see id.* at § 1821(c)(2); *see also* http://www.gsa.gov.[1]

A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. *See* Fed. R. Civ. P. 45(c)(1). The district court has discretion whether to quash or modify a subpoena. *See Wedgewood Vill. Pharmacy, Inc. v. United States*, 421 F.3d 263, 268 n.5 (3d Cir. 2005); *Connaught Laboratories, Inc. v. SmithKline Beecham P.L.C.*, 7 F. Supp. 2d 477, 480 (D. Del. 1998). However, the issuing court must quash or modify a subpoena that requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person or otherwise subjects a person to undue burden. *See* Fed. R. Civ. P. 45(c)(3)(A)(ii), (iv).

---

[1] The reimbursement rate for use of a privately owned vehicle was increased to $.0555, effective April 17, 2012. The Internal Revenue Service and the General Services Administration do not necessarily have the same reimbursement rate. *See* http://www.gsa.gov.

4

**B.** **Discussion**

Plaintiff subpoenaed Strosser, a non-party, to appear at a deposition to take place on February 10, 2012, at law offices located at 116 W. Water Street in Dover, Delaware.[2] (*See* D.I. 35) Plaintiff also tendered $64.00 for witness fees and $3.00 for mileage. (*See id.*) The subpoena requested Strosser bring documents "related to the facts of [his] severance of employment with [Defendant] and/or other documents that provide information related to the last date of [his] employment and the reasons of [his] leave." (*See id.*) The subpoena was served upon Strosser on Sunday, January 22, 2012, at 130 Winding Ridge Road in Dover, Delaware. (*See id.*)

On February 1, 2012, Strosser filed a motion to quash the deposition on the grounds that the subpoena did not comply with the Federal Rules of Civil Procedure. (*See* D.I. 36) Strosser is a former employee of Defendant, his separation occurring around April 20, 2010. Strosser argues that the documents Plaintiff seeks are in Defendant's possession and they have no relevance to Plaintiff's claims. In addition, Strosser's primary residence is at 524 Diamond Plum Circle in Virginia Beach, Virginia, where he is employed. According to Strosser, he travels to Dover, Delaware approximately two times per month. Strosser indicates that the witness fee and mileage tendered do not cover the cost of gas. In addition, he seeks compensation at a higher rate for lost wages due to travel and deposition attendance time. He offered to be deposed via telephone or, alternatively, that he would appear in person when he next traveled to Dover on February 24, 2012. Plaintiff responded that a telephone deposition was unacceptable and the

---

[2]The subpoena incorrectly requests that Strosser appear and testify at a hearing or trial in a civil action.

February 24th date was subject to acceptance by defense counsel because the February 27, 2012 discovery deadline was looming.

Plaintiff argues that Strosser's family home is in Dover, Delaware and, because he drives there every Saturday, it is not hardship for him to drive a day earlier. Plaintiff concedes that Strosser is employed in Virginia Beach. However, she argues the witness and mileage she remitted was "reasonable," as it would compensate him for an eight hour absence from work (at the current minimum wage of $7.24 per hour) and mileage of 5.9 miles, from the Dover house to the Dover law firm office, at the rate of $0.55 per mile. Plaintiff indicates that Strosser recently ran for election in Kent County, Delaware. In addition, with respect to relevance, she argues that Strosser is a former officer of Defendant and would have knowledge of Defendant's fiduciary duties and Defendant's scheme to defraud. (*See* D.I. 37)

Having considered Strosser's and Plaintiff's positions, the Court finds it appropriate to quash the subpoena for deposition. The deposition was set for Friday, February 10, 2012, a work day. Hence, the subpoena required Strosser, who is employed in Virginia Beach, Virginia, to miss a day's work and travel 190 miles to the site of the deposition in Dover, Delaware.[3] Rule 45(c)(3)(A)(ii) requires that the Court quash a subpoena when the witness is expected to travel more than 100 miles from where that person is employed. Even if Strosser travels to Dover every weekend, Plaintiff expected him to miss a day's work and then failed to tender the

---

[3] The mileage from Strosser's residence at 524 Diamond Plum Circle, Virginia Beach, Virginia to the site of the deposition at 116 West Water Street, Dover, Delaware is 190 miles one-way, or 380 miles round-trip.

appropriate witness fee and mileage. Of course, this assumes that Strosser was required to travel the lengthy distance.[4]

In addition, the Court finds that requiring Strosser to miss a day's work, without reasonable compensation, subjects him to undue burden. Strosser offered to be deposed by telephone, but the offer was rejected. It further appears that his offer to appear on February 24, 2012, three days before the discovery deadline, was also rejected.

Finally, this consolidated case revolves around violations of the Expedited Funds Availability Act, but the subpoena directs Strosser to produce documents related to his severance of employment by Defendant, an issue not raised in the Complaint. Moreover, the acts at issue occurred on May 10, 2010, a time when Strosser was no longer employed by Defendant, as his separation of employment occurred on April 20 or 21, 2010. Plaintiff indicates that she intended to question Strosser about "other instances of what can be defined as a 'scheme' to defraud [her] account with unlawful fees and charges to establish a pattern, necessary for a definition of 'scheme' in her claims of violations of 'fiduciary duties'" by Defendant. (D.I. 37 at 2) No such claims, however, are raised in the consolidated complaint, and the Court finds that Plaintiff seeks discovery that is irrelevant. See Fed. R. Civ. P. 26(b)(1).

For the above reasons, the Court finds that Strosser's motion to quash is well-founded. Therefore, the Court will grant the motion to quash. (D.I. 36)

---

[4]Even were Strosser required to appear, Plaintiff should have tendered the $40.00 witness fee plus mileage in the sum of $193.60 (i.e., 380 miles round trip times $.051 per mile), for a total of $233.60. Plaintiff tendered a total of $67.00.

V. **MOTION FOR SANCTIONS**

Plaintiff moves for an order to hold witness Strosser, a non-party, in contempt for failing to appear at the February 10, 2012 deposition. (D.I. 39) Strosser opposes the motion. (D.I. 40)

Rule 45(e) provides that "[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii)." As discussed above, the subpoena required Strosser to attend a deposition more than 100 miles from his place of employment, a place outside the limits of Rule 45(c)(3)(A)(ii). Accordingly, the Court will deny the motion for sanctions. (D.I. 39)

VI. **SCHEDULING**

Plaintiff moves the Court to set this matter for trial. (D.I. 38) The Court will deny the motion as premature. In addition, the Court will amend the Scheduling Order entered on August 25, 2011.

VII. **CONCLUSION**

For the above reasons, the Court will deny without prejudice the Motion to Amend (D.I. 19), will grant the motion to quash (D.I. 36), will deny as premature the motion to schedule this matter for a jury trial (38), and will deny the motion for sanctions (D.I. 39). The Court will amend the Scheduling Order.

An appropriate Order will be entered.