## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NINA SHAHIN, | : |
| | : |
| Plaintiff, | : |
| | : **CONSOLIDATED** |
| v. | : Civ. No. 10-475-LPS |
| | : |
| DELAWARE FEDERAL CREDIT | : |
| UNION, | : |
| | : |
| Defendant. | : |

Nina Shahin, Dover, Delaware, Pro Se Plaintiff.

Michael W. Arrington, Esquire, Parkowski, Guerke & Swayze, P.A.  Counsel for Defendant.

## **MEMORANDUM OPINION**

March 6, 2014
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I.    INTRODUCTION

Plaintiff Nina Shahin ("Plaintiff") filed this action pursuant to the Expedited Funds

Availability Act ("EFAA"), 12 U.S.C. § 4001 *et seq.* The Court has jurisdiction pursuant to 28

U.S.C. § 1331. On October 22, 2013, the Court ordered the parties to brief the issue of whether

this matter should be handled via an evidentiary hearing to the bench or whether Plaintiff is

entitled to a trial by jury. For the reasons that follow, the complaint will be dismissed as moot

and judgment shall be entered against Defendant in accordance with its September 11, 2011 and

October 11, 2013 Rule 68 offers of judgment.

## II.    PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed two lawsuits regarding a $2,500.00 check deposited into her account on

May 10, 2010. *See Shahin v. Delaware Fed. Credit Union*, Civ. No. 10-475-LPS; *Shahin v.*

*Delaware Fed. Credit Union (Del-One)*, Civ. No. 10-597-LPS. The complaints involve similar

allegations and were consolidated on September 28, 2010. (*See* D.I. 6) Plaintiff alleges that

Defendant did not comply with the requirements of 12 C.F.R. §§ 229.12, 229.13, 229.19(f)[1]

229.21(a), and 229.38(a), when it failed to provide her timely access to monies she deposited into

her checking account. She also alleged Defendant violated 18 U.S.C. § 1341, a federal criminal

statute.

On September 19, 2013, the Court issued a Memorandum Opinion and Order that granted

Plaintiff partial summary judgment and found that Defendant violated 12 C.F.R. § 229.13(e)(2)

---

[1]Raised for the first time in Plaintiff's motion for summary judgment.

1

when it assessed two NSF (i.e., non- sufficient funds") fees totaling $60.00 and three check overdraft fees totaling $6.00 without giving the form of notice required by the regulation. (*See* D.I. 54 at 11-12) Pursuant to 12 C.F.R. § 229.21, "a bank that fails to comply with any requirement imposed under subpart B [§ 220.10 through § 229.21] . . . with respect to any person is liable to that person in an amount equal to the sum of-- ( 1) Any actual damage sustained by that person as a result of the failure; (2) Such additional amount as the court may allow, except that-- (i) In the case of an individual action, liability under this paragraph shall not be less than $100 nor greater than $1,000." *See also* 12 U.S.C. § 4010. The same Memorandum Opinion and Order granted Defendant partial summary judgment on the 18 U.S.C. § 1341 claim and the claims raised under 12 C.F.R. §§ 229.10, 229.12, 229.13, 229.19(f), and 229.38. (*See id.* at 7, 10, 12-13) Upon receipt of the Order, Defendant credited Plaintiff's account with the $60.00 in NSF fees and $6.00 in overdraft fees. (*See* D.I. 58 Ex. B) In its brief, Defendant states that it submitted to Plaintiff offers of judgment under Fed. R. Civ. P. 68 in the amount of $1,000.00, representing the statutory maximum civil penalty, on September 11, 2011 and April 8, 2013, respectively.

Plaintiff made a jury demand in the original complaint and amended complaint and reiterates that she seeks trial by jury. (*See* D.I. 2, 56, 57) Given the posture of the case, on October 22, 2013, the Court ordered the parties to brief the issue of whether Plaintiff has a right to a jury trial. (*See* D.I. 59)

Defendant filed its brief in accordance with the Court's directive. Plaintiff, however, did not address the issue of a jury trial. Instead, she argued the merits of the case, including those

2

issues wherein summary judgment was entered in favor of Defendant.[2]

Defendant argues that Plaintiff is not entitled to a jury trial on the amount of a statutory civil penalty and, regardless, trial is not required as Defendant has submitted offers of judgment for the maximum allowed under the statute. (*See* D.I. 60) The Court agrees with Defendant that the offers of judgment resolve the matter at hand.

## III.  LEGAL STANDARDS

Federal Rule of Civil Procedure 68 was designed to "encourage settlement and avoid litigation." *Marek v. Chesny*, 473 U.S. 1, 5 (1985). Federal Rule of Civil Procedure 68(c) provides, "[w]hen one party's liability to another has been determined but the extent of liability remains to be determined by further proceedings, the party held liable may make an offer of judgment." A Rule 68 offer of complete relief moots the plaintiff's claim, "as at that point the plaintiff retains no personal interest in the outcome of the litigation."[3] *Weiss v. Regal Collections*, 385 F.3d 337, 340 (3d Cir. 2004) (citing *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate and a plaintiff who refuses to acknowledge this loses outright,

---

[2]Plaintiff raised a claim pursuant to 18 U.S.C. § 1341 "under the provisions of well-established common law principle of 'principal-agent relationship,' breach of fiduciary duties and 'frauds and swindles.'" The Court determined that the claim failed as a matter of law. Plaintiff now contends that the Court did not consider the fraud as a civil tort nor how it related to a breach of fiduciary duties in relation to the standards of Regulation CC. Plaintiff's position is not well-taken. The amended complaint made no mention of civil fraud. Notably, neither party sought reconsideration of the Court's September 19, 2013 Memorandum Opinion and Order and the time to do so has lapsed.

[3]Courts of Appeals are split on this issue. Recently, the United States Supreme Court assumed, without deciding, that a Rule 68 offer mooted an individual claim. *See Genesis Healthcare Corp. v. Symczyk*, __U.S.__, 133 S.Ct 1523, 1529 (2013).

3

under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake.")). In cases in which the mootness doctrine applies, subject matter jurisdiction no longer exists and the case is properly dismissed. *See Los Angeles Cnty v. Davis*, 440 U.S. 625, 631 (1979).

## IV. DISCUSSION

As discussed, the Court found that Defendant violated 12 C.F.R. § 229.13(e)(2). Defendant argues that trial is unnecessary given that it has made two offers of judgment for the maximum statutory $1,000 penalty. In essence, Defendant contends that there is no "controversy" to litigate.

Plaintiff suffered $66.000 in actual damages as a result of the violations of 12 C.F.R. § 219.13(e)(2). Defendant has credited the $66.00 to Plaintiff's account. In addition, Defendant has made two offers of judgment to Plaintiff, both for $1,000, the statutory maximum amount recoverable for the additional damages in the case of an individual action under the EFAA, and the amount sought by Plaintiff in her complaint. *See* 12 § C.F.R. 229.21(a)(1)(i).

Plaintiff has received her actual damages; she cannot recover any more than $1,000.00 in statutory damages. Given this finding, there is no longer any justiciable issue for determination by the Court. Accordingly, the Court will order an entry of judgment in the amount of Defendants' Rule 68 offers of judgment, and will dismiss the complaint as moot. *See Lorenzo v. Palisades*, 2006 WL 891770 (D.N.J. 2006) (finding lawsuit moot where offer of judgment provided maximum statutory relief obtainable by plaintiff under FDCPA).

## V. CONCLUSION

For the above reasons, the complaint will be dismissed as moot and judgment shall be entered against Defendant in accordance with its Rule 68 offers of judgment. The Court shall

4

retain jurisdiction to determine the amount of costs of the suit.[4]

An appropriate Order will be entered.

---

[4]Because Plaintiff proceeds *pro se*, she is not entitled to attorney's fees.

5