IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NINA SHAHIN, | : |
| Plaintiff, | : |
| v. | : C.A. No. 10-475-LPS |
| DELAWARE FEDERAL CREDIT UNION, | : |
| Defendant. | : |

### MEMORANDUM ORDER

At Wilmington this 15th day of May, 2014:

IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Reargument (D.I. 66) is DENIED.

2. Pursuant to Local Rule 7.1.5, a motion for reconsideration, including a motion brought pursuant to Rule 59(e) to alter or amend judgment, should be granted only "sparingly." *See generally MobileMedia Ideas, LLC v. Apple, Inc.*, 2013 WL 4764037, at *2 (D. Del. Sept. 5, 2013) ("A motion for reargument under Local Rule 7.1.5 is the functional equivalent of a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). The standard for obtaining relief under Rule 59(e) is difficult to meet.") (internal quotation marks and citation omitted). The decision to grant such a motion lies squarely within the discretion of the district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions are granted only if the court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1241. "A motion for reconsideration is not properly grounded on a

request that a court rethink a decision already made." *Smith v. Meyers*, 2009 WL 5195928, at *1 (D. Del. Dec. 30, 2009); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). It is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991). A party may seek reconsideration only if it can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café ex rel. LouAnn, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). In no instance should reconsideration be granted if it would not result in amendment of an order. *See Schering Corp.*, 25 F. Supp. 2d at 295.

3.  Plaintiff has failed to show that the requirements for reargument are met here. (*See* D.I. 68) Among other things, Plaintiff has not shown that reargument could lead to an amendment of the Court's prior order, given that Defendant's offer of judgment was for the statutory maximum.

UNITED STATES DISTRICT JUDGE