IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NINA SHAHIN, :
:
    Plaintiff, :
: **CONSOLIDATED**
v. : Civ. No. 10-475-LPS
:
DELAWARE FEERAL CREDIT UNION, :
:
    Defendant. :

Nina Shahin, Dover, Delaware, Pro Se Plaintiff.

Michael W. Arrington, Esquire, Parkowski, Guerke & Swayze, P.A., Wilmington, Delaware. Counsel for Defendant.

## MEMORANDUM OPINION

August 3, 2015
Wilmington, Delaware

STARK, U.S. District Judge:

I.  INTRODUCTION

Plaintiff Nina Shahin ("Plaintiff") filed this consolidated action pursuant to the Expedited Funds Availability Act ("EFAA"), 12 U.S.C. § 4001 *et seq*. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. On April 22, 2015, the Court ordered the parties to brief the issue of whether Plaintiff is entitled to costs prior to November 7, 2011, the date Defendant made an offer of judgment. (D.I. 79)

II.  BACKGROUND

On March 7, 2014, the Court granted partial summary judgment to Plaintiff after determining that Defendant violated 12 C.F.R. § 229.13(e)(2) and partial summary judgment to Defendant on Plaintiff's remaining claims. Defendant subsequently advised the Court that it had twice made an offer of judgment to Plaintiff pursuant to Fed. R. Civ. P. 68, in the amount of $1,000.00, the maximum amount for which it could be liable to Plaintiff. *See* 12 C.F.R. 229.21. Thereafter, the Court dismissed the complaint as moot and entered judgment in favor of Plaintiff in the amount of $1,000.00. The Court retained jurisdiction for a determination as to costs of suit and directed the parties to confer and advise the Court whether they had resolved the amount of costs. (*See* D.I. 55)

Defendant advised the Court that Plaintiff declined to meet and confer on the issue of costs. (*See* D.I. 71) It provided the Court with a copy of an offer of judgment made to Plaintiff on November 7, 2011. (*See id.*) The Court re-entered judgment in accordance with its March 7th opinion and order, and Plaintiff appealed. (*See* D.I. 74, 75) The United States Court of Appeals for the Third Circuit affirmed in part and remanded the matter for a determination as to Plaintiff's

costs, if any, prior to November 7, 2011.[1] *See Shahin v. Delaware Fed. Credit Union*, 602 F. App'x 50, 54 (3d Cir. Feb. 9, 2015). Having considered the documentary evidence and briefs of the parties, the Court makes the following findings of fact and conclusions of law.

## III. FINDINGS OF FACT

1. Plaintiff was granted leave to proceed *in forma pauperis*. (D.I. 4)

2. All costs of service were advanced by the United States. (D.I. 5)

3. On November 7, 2011, Defendant made an offer of judgment to Plaintiff, pursuant to Fed. R. Civ. P. 58, in the amount of $1,000, the maximum amount for which it could be liable to Plaintiff under 12 C.F.R. 229.21. (D.I. 71) Plaintiff rejected the offer.

4. Subpoenas issued upon request of Plaintiff and were served in January 2012. (D.I. 33, 35) Plaintiff incurred $50.00 in costs for service of the subpoenas. (D.I. 81 Ex. L)

5. In February 2012, depositions took place as scheduled by Plaintiff. (D.I. 31, 32, 34, 35) Plaintiff incurred $378.00 in deposition transcript costs and $65.60 in witness fee costs in taking the deposition of Renee Thompson. (D.I. 81 Exs. K, L)

6. Plaintiff did not incur any other costs.

---

[1] The Court of Appeals' opinion accurately states the offer of judgment date as November 7, 2011 (although in the last paragraph of that opinion there is a typographical error which refers to the date as November 7, 2014). *Compare* D.I. 78-1 at 5 and *id.* at 6 ("[B]ecause it is unclear from the record whether Shahin had accrued any costs prior to the November 7th offer of judgment [i.e., November 7, 2011], we will remand to the District Court for a determination on the record as to costs [i.e., costs accrued prior to November 7, 2011].") 81*with id.* at 7. The parties are in agreement that the remand is for the Court to determine costs, if any, that were incurred prior to November 7, 2011. (*See, e.g.*, D.I. 81 ("Plaintiff, Nina Shahin's Opening Brief on Costs Prior to November 7, 2011 . . ."), D.I. 83 ("Plaintiff, Nina Shahin's Reply Brief on Costs Prior to November 7, 2011"))

7. On May 15, 2014, the Court entered judgment in favor of Plaintiff and against Defendant in the amount of $1000.00, the offer amount made by Defendant. (D.I. 74)

8. Plaintiff submitted a Bill of Costs requesting $493.60 in costs. (D.I. 83 Ex.)

## III. CONCLUSIONS OF LAW

A prevailing party is required to file a bill of costs for the allowable reimbursements which include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of Title 28; (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of Title 28. *See* 28 U.S.C. § 1920.

A successful plaintiff is entitled to costs incurred up to the date of an offer of judgment. *See Marek v. Chesny*, 473 U.S. 1 (1985). Pursuant to Fed. R. Civ. P. Rule 68(a), if an offer of judgment is unaccepted, and "the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(a). Rule 68 "costs" include all costs properly awardable under the statute or other authority that is the basis for the underlying claim. *See Marek,* 473 U.S. at 8-9.

Plaintiff proceeds *in forma pauperis* and did not incur filing or service fees. Plaintiff did not accept Defendant's November 7, 2011 offer of judgment, which was in an amount that was the maximum amount allowable under the relevant statute. While Plaintiff incurred service of subpoena fees, witness fees, and deposition transcript fees, she did not incur these costs prior to the

November 7, 2011 offer of judgment that she declined. Plaintiff did not incur any costs as set forth in 28 U.S.C. § 1920 prior to the November 7, 2011 offer of judgment.

## IV.     CONCLUSION

Plaintiff did not accrue any costs as set forth in 28 U.S.C. § 1920 prior to the November 7, 2011 offer of judgment, the Court entered judgment in the amount of Defendant's November 7, 2011 offer of judgment and, therefore, Plaintiff is responsible for the costs of the suit that accrued subsequent to the November 7, 2011 offer of judgment.

An appropriate Order will be entered.