IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NINA SHAHIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | **CONSOLIDATED** |
| v. | : | Civ. No. 10-475-LPS |
| | : | |
| DELAWARE FEDERAL CREDIT UNION, | : | |
| | : | |
| Defendant. | : | |

Nina Shahin, Dover, Delaware, Pro Se Plaintiff.

Michael W. Arrington, Esquire, Parkowski, Guerke & Swayze, P.A. Counsel for Defendant.

# MEMORANDUM OPINION

March 11, 2016
Wilmington, Delaware

STARK, U.S. District Judge:

## I.   INTRODUCTION

Plaintiff Nina Shahin ("Plaintiff") filed this consolidated action pursuant to the Expedited Funds Availability Act ("EFAA"), 12 U.S.C. § 4001 *et seq*. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. On August 3, 2015, the Court entered an order that denied Plaintiff's motion for costs prior to November 7, 2011, and found that Plaintiff did not accrue any costs pursuant to 28 U.S.C. § 1920 prior to Defendant's November 7, 2011 offer of judgment, leaving her responsible for costs of suit that accrued subsequent to the November 7, 2011 offer of judgment. (*See* D.I. 87) Presently before the Court is Plaintiff's motion for reconsideration (D.I. 85) and Defendant's response (D.I. 86).

## II.   LEGAL STANDARDS

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Motions for reconsideration are the "functional equivalent" of motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990). The standard for obtaining relief under Rule 59(e) is difficult to meet. "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts

or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where a court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension." *Id.* at 1241 (citations omitted); *see also* D. Del. LR 7.1.5.

### III.  DISCUSSION

Plaintiff moves for reconsideration, but does not address the Court's findings in the August 3, 2015 Memorandum Opinion and Order. Instead, she asks for a complete revocation of all previous decisions and remand of the case for a jury trial to determine all the damages she believe she is entitled to, including claims under the constructive fraud doctrine. In addition, Plaintiff claims that she was denied her constitutional rights under color of law pursuant to 18 U.S.C. § 242, retaliated against pursuant to 18 U.S.C. § 1513(e), and that the retaliation is a predicate act of racketeering under 18 U.S.C. § 1961(1). Plaintiff indicates that she does not expect the Court to honor her requests and explains that she filed the instant motion with other supporting documents to demonstrate a systematic pattern of harassment, intimidation, collusion, and deprivation of her rights under color of law by federal and state judges. She further states that the Court of Appeals "systematically rubbers stamps decisions of the district court."

Defendant opposes Plaintiff's motion on the grounds that she does not seek reargument of any of the issues in the August 3, 2015 Memorandum Opinion and Order but, instead, challenges previous findings of the district court and the February 9, 2015 decision of the United States Court of Appeals for the Third Circuit. *See Shahin v. Delaware Fed. Credit Union*, 602 F. App'x 50 (3d Cir. Feb. 9, 2015).

The Court thoroughly reviewed the record and considered the law in denying Plaintiff's motion for costs prior to November 7, 2011, in finding that she did not accrue any costs as set forth in 28 U.S.C. § 1920 prior to Defendant's November 7, 2011 offer of judgment, and in finding that Plaintiff is responsible for the costs of suit that accrued subsequent to the November 7, 2011 offer of judgment as set forth in Plaintiff's Bill of Costs. Plaintiff asks the Court to reconsider issues previously decided and affirmed on appeal, and does not address the Court's findings in its August 3, 2015 Memorandum Opinion and Order. Accordingly, the Court finds that Plaintiff has failed to demonstrate any grounds to warrant reconsideration of the Court's August 3, 2015 Memorandum Opinion and Order. Therefore, the motion (D.I. 85) will be denied.

## IV. CONCLUSION

For the above reasons, the Court will deny Plaintiff's motion for reconsideration. (D.I. 85) An appropriate Order follows.